Johnson, J.
delivered the opinion of the Court.
The grounds of this motion consist of two classes. The first of them denies the right of the plaintiff to maintain the action, admitting the defendant’s liability. The second admits the plaintiff’s right to sue, and rests the defence on the merits of the cause. The Court being with the defendant on the second, the first becomes wholly unimportant': and Í shall proceed to consider the case, without reference to that class of objections, further than to remark, that this disposition of it is not to be regarded as a sanction, by the Court, of the principles on which the plaintiff’s right to sue is founded. In other words, that it is intended to leave that question open.
The case divested of this difficulty turns on the following state of facts. In May, 1820, the defendant, a cotton planter of St. Simons, consigned to the plaintiff, his factor, eight bales of sea-island cotton to be sold in the Charleston market; and William Stewart, a merchant residing there, after having examined the cotton in the usual mode, by cutting the bags, and taking out samples, purchased it at a price agreed upon. Stewart shipped it to Liverpool. His consignee caused a survey of it to be made there by two persons skilled in the article; and upon examination it was found, that although of fine quality, it was inseparably intermixed with hair one or two inches in length, in the proportion of a pound or a handful to each bale, or of one or two hundred hairs to each handful of cotton. That this intermix-ture of the hair with the cotton extended through the whole bulk in all the bales, and was as visible in that immediately within the canvass from whence the samples were taken as in the centre of the bale. From these circumstances, the surveyors concluded that the cotton was unmerchantable, and unfit for the purposes for which such cotton was generally used, and recommended a sale at public auction, which was accordingly made at a loss of £65, 19s. 8d. to Stewart, the purchaser and shipper. For this sum Stewart made a demand upon the plaintiff, who agreed to submit the matter to the decision of two respectable merchants; and they having awarded against him, he *181 paid the money to Stewart, and brought this action to recover it from the defendant.
From these circumstances the following seem to be the necessary conclusions. First, that in consequence of the inter-mixture with the hair, and the impracticability of separating it, the cotton could not be wrought up into the fine fabrics usually manufactured of sea-island cotton, but still remained valuable as a substitute for coarser cotton. Secondly, that the defendant was not guilty of a fraud in packing the cotton; the quantity of hair being too inconsiderable to have operated as a motive, and the circumstance, which was in evidence, 1hat untanned hides were used as bands for the machine, in which it was ginned, sufficiently prove that it was accidental. And thirdly, that Stewart might, with ordinary diligence and circumspection, have detected the intermixture of the hair in his examination of the samples; if in fact he did not actually do so. And the question now is, whether, under these circumstances, the defendant is liable to refund the amount of loss on the sales at Liverpool.
There is no pretence that there was any express warranty on the part of the the defendant, either that the cotton was sea-island, or that it would answer the purpose for which that article was commonly used, nor that it was unmixed with any ingredient which would detract from its value; and his liability therefore, if he be liable, must arise out of the doctrine of implied warranty as established in our Courts of Justice, and as a deduction from the fact that the price of sea-island cotton was; paid for it. I take it that the universal rule upon the subject is,, that when there is no fraud in the seller, neither swppressio veri nor suggestio falsi, and the purchaser is ¡possessed of all the information, necessary to enable him to make a correct estimate of the value of the thing he is about to purchase, or which from its nature would occur to an ordinary observer, the law will not raise an implied warranty on the part of the seller, that it shall answer the purpose for which the purchaser bought it, or that he shall be liable for the loss that he may sustain by a resale.
A contrary conclusion would be inconsistent- with the nature of a warranty. A buyer does not ask of the seller to warrant things that are palpable to the senses; as that a mirror will re-fleet a body placed before it, that a bell will emit a sound when *182 struck by a hammer, or that vinegar is sour. Neither will the law raise such an undertaking by implication. It is only against those secrect defects, against which the most skilful cannot al-ways guard, that the principle of implied warranties is directed.
This rule is of universal application, but if a distinction can be made, I hazard little in asserting that it applies to the case under consideration and others of the same class, with even more force than any other. 1 pay no compliment to that enterprising and intelligent class of men, the dealers in cotton, when I remark, that from personal observation I am persuaded, they are better judges of the quality and value of cotton, and will sooner detect its imperfections, and its intermixture with foreign materials, than even the grower himself, when they have equal opportunities. The grower has no other standard of quality than his own or his neighbour’s crop. He judges of the fitness of the condition for market by the same standard. On the contrary the dealer in the common market has constantly before his eyes all the varieties from the finest sea-island to the most worthless trash of the uplands, and is enabled to form in his mind a standard, by which he readily classes all the parcels presented to him. It is unreasonable then that in the event of a loss he should shelter himself under a pretended ignorance of the quality which he purchased.
Again,it is well known that the varieties in the quality of this article are very numerous. Neighbouring, and even the same plantations, cultivated in the same manner, produce qualities widely different. It is well known also, that they are manufactured into goods suited to all the varieties of staple and quality; and the accountability of the planter would be endless, if he should be rendered responsible for their adaptation to the use, for which the purchaser designed them, or for which, in his judgment, they were suitable.
The case of Vanderhorst v. M'Taggart, 2 Bay, 498, proceeded on this principle. There the. defendant examined only two out of fifteen barrels of rice, the article sold, and notwithstanding that on their examination at Alexandria, in Virginia, they were found to be all damaged and unmerchantable, the purchaser was held to be bound and the Court lay down the rule, that if the purchaser neglect to examine the article, when *183 he might have done so, it will be regarded as a tacit admissioni s I or its merchantable quality.
gee aiso M¡ roon & Tim-^Freeman's N. & M. 76.
H. A. Desaussure, for motion.
King, contra.
So in the case of Rose & Rogers v. Beatie, 2 N. & M. 538. There, it is true, the purchaser had a verdict on the ground that the seller had committed a secret fraud in packing the cotton sold : but it is laid down as a settled rule, that if one purchase an article capable of inspection, as rice, cotton, &c. he will bo considered as having purchased on his own judgment, and will be bound by it, if the whole bulls correspond with the sample.
The application of these principles to the case before us admits of no difficulty. The defendant was not guilty of any fraud, deceit, misrepresentation, or concealment. Stewart purchased the cotton after a fair examination of sámples corresponding with the entire bulk, and at a price fixed by himself. Ho either was, or might, with ordinary diligence, have possessed himself of any fact necessary to enable him to form a correct estimate of its value, and whether we refer the matter to principle or authority, he is equally bound by his contract. It is not pretended that the defendant was bound by the submission, and award made under the agreement between the plaintiff and Stewart, and whatever other powers the plaintiff might have possessed as the agent or factor of the defendant, he had no authority to com-promit his rights in this way. It is placing his claim on the highest possible ground to subrogate him to the rights of Stewart. He is not therefore intitled to recover. ,
The case of Barnard v. Yates, 1 N. & M. 142, is relied upon as having broken in upon the rule before laid down : but although some of the dicta in that case, take a very wide range, it will be seen upon a careful examination, that the judgment of the Court proceeds on the ground, that the owner was guilty of a fraud which he practised so successfully, as to impose not only on the buyer and the agent who sold for him, but on the best judges of the article, and made one thing so nearly resemble another, that the imposition could only be detected by the actual use, so that the case falls within the principle 1 have before laid down.
Motion refused.